Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4871

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES E. ORR, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  W. Craig Broadwater, District Judge.  (CR-03-22)

Submitted:  May 28, 2004                    Decided:  July 27, 2004

Before LUTTIG, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert C. Stone, Jr., Martinsburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James E. Orr, Jr., was convicted of possession of a sawed-off shotgun, in violation of 26 U.S.C. §§ 5812, 5861(b), 5871 (2000), knowingly receiving and possessing a sawed-off shotgun, in violation of 26 U.S.C. §§ 5812, 5861(c), 5871 (2000), and knowingly receiving and possessing an unregistered sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871 (2000). Orr was sentenced to thirty-three months incarceration, two years of supervised release, and to pay $300 in special assessments. Orr raises several issues on appeal.

First, Orr asserts the district court erred in instructing the jury on a defendant's liability for willful blindness to a firearm's illegal characteristics. We review this claim for abuse of discretion. United States v. Whittington, 26 F.3d 456, 462 (4th Cir. 1994). Orr's claim is uncompelling. The jury instructions, taken as a whole, fairly stated the controlling law. United States v. Cobb, 905 F.2d 784, 788-89 (4th Cir. 1990); see also United States v. Schnabel, 939 F.2d 197, 203 (4th Cir. 1991).

Second, Orr asserts the district court erred in denying his motion for a judgment of acquittal. We review this claim to determine "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was

- 2 -

guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982). Orr's claim lacks merit. The Government introduced evidence sufficient to allow a finding of guilt.

Third, Orr asserts the district court erred in denying his suppression motion. We review a district court's legal conclusions on a suppression motion de novo, and the court's underlying factual determinations for clear error. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). We find no error. The search warrant was valid. United States v. Oloyede, 982 F.2d 133, 138 (4th Cir. 1992). The discovery of the shotgun was a valid part of the search. United States v. Jackson, 131 F.3d 1105, 1109 (4th Cir. 1997); United States v. Wells, 98 F.3d 808, 810 (4th Cir. 1996). Orr was not subjected to a custodial interrogation during the search. Accord, Berkemer v. McCarty, 468 U.S. 420, 440 (1984). The credibility of the officers who testified regarding the search is not subject to appellate review. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). Moreover, Orr fails to establish grounds for appellate relief by asserting one of two troopers was unavailable to testify at his suppression hearing.

Fourth, Orr asserts the district court erred in admitting into evidence statements he and a state trooper made when the shotgun was found at his residence. We review this claim for abuse

of discretion.  United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994).  Orr's claim is uncompelling.  Fed. R. Evid. 401, 402.

Fifth, Orr asserts the district court erred in denying his motion to strike two jurors for cause.  We review this claim for abuse of discretion.  Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989).  We find the district court did not err in concluding the jurors in question could be impartial.  United States v. Capers, 61 F.3d 1100, 1105 (4th Cir. 1995).

Sixth, Orr asserts the district court erred in enhancing his sentence for obstruction of justice based on perjury.  We review this claim for clear error.  United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995).  The record supports the district court's finding of perjury, thereby justifying the enhancement.  U.S. Sentencing Guidelines Manual § 3C1.1, comment. (n.4(b)). (2002).

Seventh, Orr asserts the district court erred in denying him an adjustment for acceptance of responsibility.  We review this claim for clear error.  United States v. Castner, 50 F.3d 1267, 1280 (4th Cir. 1995).  We find no error.  The district court's perjury finding warranted denying an adjustment.  USSG § 3E1.1(a), comment. (n.4).

Eighth, Orr asserts the district court erred in denying him a downward departure for aberrant criminal behavior.  We deny review since the record reveals the district court was aware of its

authority to grant a departure, but chose not to do so.  USSG § 5K2.20; <u>United States v. Shaw</u>, 313 F.3d 219, 222 (4th Cir. 2002).

Accordingly, we affirm Orr's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>